UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD PAUL DOWNS,

      Petitioner,

v.

CONNIE HORTON,

      Respondent.

Case No. 20-10360
Stephanie Dawkins Davis
United States District Judge

_____/

# OPINION AND ORDER DISMISSING PETITION
# FOR WRIT OF HABEAS CORPUS

On February 11, 2020, Petitioner Ronald Paul Downs, currently residing in the Chippewa Correctional Facility, Kincheloe, Michigan, filed a petition for a writ habeas corpus. Before the Court is Petitioner's response to its April 12, 2021, order to show cause why his petition should not be dismissed. (ECF No. 9). Now having reviewed Petitioner's response, the Court has determined the petition must be dismissed. An explanation follows.

## BACKGROUND

Petitioner's original application for a writ of habeas corpus did not comply with the rules governing habeas petitions, and as a result the Court ordered Petitioner to correct those deficiencies. (Order, 3/17/20, ECF No. 5). Petitioner informed the Court that his petition did not specify grounds for relief as required because he had been unable to obtain the brief on appeal filed on his behalf in the

Michigan Court of Appeals. Mot., ECF No. 6, PageID.34. The Court granted Petitioner an extension of time to obtain the brief and file an amended petition. (ECF No. 7). Petitioner failed to respond, and on April 12, 2021, the Court ordered Petitioner to show cause why his petition should not be dismissed. (ECF No. 8). On May 6, 2021, Petitioner responded to the Court's show cause order. (ECF No. 9).

## DISCUSSION

Instead of filing an amended petition in this case as instructed by the Court, on August 12, 2020, Petitioner filed a petition in a new case in the Eastern District of Michigan, without acknowledging the original petition. (Case No. 2:20-cv-12334, ECF No. 1, PageID.21 (answering "No" to the question whether any previous petition or application had been filed)). Subsequently, that court determined that pursuant to 28 U.S.C. § 2241(d), the petition was most appropriately heard in the Federal District Court for the Western District of Michigan and ordered its transfer to that district. (Case No. 2:20-cv-12334, Order Transferring Case, 10/14/2020, ECF No. 3). Following transfer, Petitioner's case for habeas relief was heard in two separate cases in the Western District.[1] *See* W.D. Mich. Case No. 1:20-cv-983, Opinion, ECF No. 7 (dismissed without

---

[1] "[I]t is well-settled that federal courts may take judicial notice of proceedings in other courts of record." *United States v. Mont*, 723 Fed. Appx. 325, 327 n.3 (6th Cir. 2018).

prejudice for failure to exhaust state-court remedies); W.D. Mich. Case No. 1:20-cv-1180, Opinion, ECF No. 3 (dismissed for "fail[ure] to raise a meritorious federal claim").

In his response to this Court's show cause order, Petitioner cites the case numbers in both district courts, noting the different cases "confuse him," and arguing a "2nd chance is required." (Resp., ECF No. 9, PageID.47). Unfortunately, the Court is unable to provide that second chance.

First, Petitioner did not file an amended petition when ordered to do so. The only petition he filed in this case failed to comply with the requirements of Rule 2(c), Rules Governing Section 2254 Cases, in that it did not specify Petitioner's grounds for relief. *See* Order, ECF No. 5, PageID.31.

Second, Petitioner is not entitled to have his habeas petition relitigated because his claims have now been adjudicated by another federal court. *See* 28 U.S.C. § 2244(a); *Moses v. United States*, 81 F.3d 161 (6th Cir. 1996) (Table). This Court would be obligated to dismiss a petition which contained any claims "presented in a prior application." 28 U.S.C. § 2244(b)(1). And if Petitioner seeks to raise claims he did not present in his earlier habeas petition(s), he must meet the requirements of 28 U.S.C. § 2244 for a second or successive petition, including the authorization of the Sixth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(2), (3); *Rittenberry v. Morgan*, 468 F.3d 331, 338 (6th Cir. 2006). Without such

authorization, "the district court lacks jurisdiction to hear the petitioner's claims."

*Askew v. Bradshaw*, 636 Fed. Appx. 342, 346 (6th Cir. 2016) (citing *Burton v. Stewart*, 549 U.S. 147, 149 (2007)).

## ORDER

Accordingly, for the reasons stated above, the habeas petition is **DISMISSED**.

**IT IS SO ORDERED**.

Date: June 7, 2021

s/Stephanie Dawkins Davis
Stephanie Dawkins Davis
United States District Judge